Gholson, J.
Where any matter is material to the risk, in the judgment of the insurer, though it may not be in fact material, and the insured, knowing this, makes a false representation as to such matter, it will avoid the policy. By making an inquiry as to any matter, the insurer shows that he deems it to be material, and shows that the answer may induce him to take or refuse the risk; he is, therefore, entitled to a true answer, although other persons may not be able to see how it can affect the risk. And when he contracts in express terms for a true answer, it must be given, and then, at least, it will be no excuse that an incorrect answer was given innocently or by mistake. Valton v. National Fund Ins. Co., 20 N. Y. Rep. 32—37; 1 Arnould on Ins. 487. •In this case the company asked that the applicant for insurance should state whether the premises were unincumbered. The answer was, Yes. The first inquiry is, Was the answer true ? It is claimed that, within the meaning of the question, an unrecorded mortgage was no incumbrance, This is only correct in a limited sense. It may be no incumbrance, as to one who obtains a deed or mortgage, or a judgment, though with notice of the unrecorded mortgage, But as to the party himself, and it may be as to others dealing with him, it would, very properly, be. regarded as an incumbrance. We must look at the object and purpose, as shown by the nature and character of the contract, with which the question was asked, to determine whether the expression “unincumbered” was *480 used in a limited sense, or in one more general. Certainly, the expression is not understood generally and in reference to ordinary transactions, in a sense so limited as that claimed in this case. If a person about to give credit to Hezlep on a sale of merchandise, had, in view of such credit, asked if he was the owner of the property of which he was in possession, and was it unincumbered? and he had answered, Yes, when he had given a mortgage for its value, ready to be placed on record, few would hesitate to say, that the answer was untrue, and that a fraud had been practiced. To say that the unrecorded mortgage was not an incumbrance, in view of the question asked by the company, we should be satisfied that the only object was to acquire a legal lien upon the property. We do not think this was the sole object in view, but that the question might be properly asked with reference to the pecuniary credit of the applicant, and to his interest in the care and protection of the property on which he proposed to obtain an insurance.
We are fortunate in having, as a guide for our decision, several cases in Massachusetts, in which the purpose in asking such a question was discussed. In the case of Davenport v. New England M. F. Ins. Co., 6 Cushing, 340, the point was presented, that the only object of the inquiry as to incumbrance, was in reference to the lien, to be secured by the company, and as the company in that case, being a foreign coi'poration, could obtain no lien, the answer was immaterial. “ But ” say the court, “ irrespective of the lien, whether the defendants would or would not have one, the misrepresentation was clearly a material misrepresentation. It was material for the insurers to know of the incumbrances, in reference to the responsibility of the insured, and his ability to meet his engagements to the company; it was material to know who was interested in or had any title to the estate; but more particularly and especially was it material, for the defendants to know what interest the plaintiff himself had in the premises, and whether his estate was incumbered or unincumbered. It is manifest, that the defendants deemed this information material, and they put the direct question and *481 it was a proper and practical question; and it was material that the plaintiff should answer it truly. The plaintiff, having given an untrue answer, whether by accident, mistake, or design, it matters not, to a direct, plain, and practical question, cannot now be heard to say, it was immaterial.” The same principle is adopted or approved in subsequent cases, Clark, v. New England M. F. Ins. Co., 6 Cush. 342, 337; Hayward v. Same, 10 Cush. 444; Brown v. Peoples Mut. Ins. Co., 11 Cush. 280, 282.
A provision in the by-laws of the company, that a mortgage not foreclosed is not to be regarded as an alienation, is relied on to show that in making the inquiry as to incumbrances, the company could not have had in view an unrecorded mortgage, but only such as would interfere with the lien of the policy. Eor, it is aregud, if the insured could immediately after the issuing of the policy execute a mortgage to be immediately recorded, why should one executed before but recorded after, be regarded as material. But this argument proceeds, we think, upon a rather contracted view of the object of the question. It is the present position of the applicant, his present interest in the subject matter of the insurance, into which the company inquires, with a view to determine the propriety of taking the risk. If his present position and interest, as shown by the existence or absence of those facts or circumstances which ordinarily and usually affect such position or interest, make it safe and prudent for the company to enter into the contract, it may be very proper to leave unrestrained the ordinary use of the property, for the purposes of credit. Extraordinary cases, such as the execution of mortgages to the value of the property, immediately after the issuing of the policy, cannot be supposed to have been in the contemplation of the parties. Against such acts, if really connected with a loss of the property, the company might well rely for protection on another ground.
Admitting that the inquiry as to incumbrances might, ia a general sense, extend to an unrecorded mortgage, it is still contended that certain clauses in the by-laws of the company show that such was not the meaning of the contract, and *482 limit the inquiry to those incumbrances which are strictly material to the risk, which is claimed not to be the case as to an unrecorded mortgage. It is said, there is an express covenant that the application contains a full and true exposition of facts and circumstances, so far as they are known to i;he applicant, and are material to the rislc, and that this excludes such as are not material. And reliance is placed upon the rule, that an express covenant, more limited in its operation than the law would imply, must have the effect of restraining the latter. But it appears to us that there is a misapplication of the rule. The company,by making a specific inquiry, shows that the answer to it is regarded as material to the risk. The covenant must be construed in connection with the specific inquiry, and when it speaks of facts and circumstances material to the risk, as extending to those as to which a specific inquiry has been made. For the purpose of the contract, ,a true answer to the inquiry must be deemed material to the risk, and, in the language of the case above cited, the plaintiff “ can not now be heard to say it was immaterial.”
We think that the finding of the district court upon the agreed statement of facts was correct, and its judgment must be affirmed.
Scott, C. J., and Suture, Peck and Brinkerhoee, JJ., concurred.